NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STATE FARM FIRE AND CASUALTY
COMPANY, an Illinois Corporation,

Plaintiff - Appellee,

v.

DRAKE REAL ESTATE GROUP, a
California Corporation; CHRISTOPHER
CHARLES DRAKE, an individual,

Defendants - Appellants.

No. 24-2752

D.C. No.
2:22-cv-08776-JLS-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted March 3, 2025[**]
Pasadena, California

Before: CLIFTON, IKUTA, and CHRISTEN, Circuit Judges.

Drake Real Estate Group and Christopher Charles Drake (collectively,

Drake) appeal an order granting summary judgment in favor of State Farm Fire and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Casualty Company (State Farm).  We review orders granting summary judgment de novo and may affirm on any ground supported by the record.  *Nat'l R.R. Passenger Corp. v. Su*, 41 F.4th 1147, 1152 (9th Cir. 2022).  We assume the parties are familiar with the facts and recite them only as necessary.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The primary issue on appeal is whether Drake knew of "a circumstance that could reasonably be expected to lead to [a c]laim" against Drake when it applied for the subject E & O insurance policy with State Farm.  We apply an objective standard to this question.  *Am. Int'l Specialty Lines Ins. Co. v. Cont'l Cas. Ins. Co.*, 49 Cal. Rptr. 3d 1, 13 (Ct. App. 2006).

We conclude that emails exchanged a year before the policy began, between Drake and Darryl Wong, would put a "reasonable professional in the insured's position" on notice of circumstances reasonably expected to lead to a claim.  *Kinsale Ins. Co. v. Golden Beginnings, LLC*, 557 F. Supp. 3d 1000, 1008 (C.D. Cal. 2021) (citation omitted).  Drake's subjective belief about those emails does not control the outcome here.  *Id.*  The increasingly contentious emails discussed mediation, liability, settlement of disputed repair costs and related damages, assumption of responsibility, and coverage of costs for fixing construction defects.  As these emails demonstrate, the dispute involved responsibility for significant repair costs.  This evidence left no room for a jury to

find that Drake lacked notice of circumstances that were reasonably likely to give rise to Wong's eventual lawsuit. *See Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 108 Cal. Rptr. 2d 776, 784 (Ct. App. 2001) (noting that reasonableness becomes a question of law when only one reasonable inference can be drawn from the undisputed facts); *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 920 (9th Cir. 2009) (same).

We affirm the district court's ruling that the email exchange put Drake on notice of circumstances reasonably expected to lead to a claim before Drake applied for the subject E & O insurance policy. As such, State Farm had no duty to defend the resulting claim. Because this issue resolves the appeal, we decline to reach State Farm's alternative grounds for denying coverage. *See Nat'l R.R. Passenger Corp.*, 41 F.4th at 1152.

**AFFIRMED.**